# In the United States Court of Federal Claims

No. 21-1535C
Filed: September 29, 2021
NOT FOR PUBLICATION

---

**JAMES W. FRANSON, II,** *pro se*,

                 *Plaintiff,*

**v.**

**UNITED STATES,**

                 *Defendant.*

---

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

      The plaintiff, James W. Franson II, acting *pro se*, filed this action against the United States on July 1, 2021.  The plaintiff claims that the United States, acting through the Department of Veterans Affairs ("VA"), breached an alleged "opioid contract" the plaintiff had with a physician from the VA's Central Eastside Outpatient Clinic ("CEOC").  The plaintiff further claims that the United States "is liable for libel and conspiracy to commit libel" and, apparently, for violating "medical ethics" in "a true case of malpractice."

      The defendant has moved to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").[1]

      The Court agrees that it lacks jurisdiction over the plaintiff's claims.  Because the plaintiff had claims based on the same operative facts as his claims in this court pending in district court when he filed the complaint in this case, his claims in this court must be dismissed under 28 U.S.C. § 1500.  In addition, the plaintiff's contract claims are untimely.  Finally, the plaintiff's non-contract claims sound in tort and fall outside this court's limited jurisdiction. Accordingly, the defendant's motion to dismiss is granted.

---

[1] The defendant has also moved to dismiss under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.  Lacking jurisdiction over the plaintiff's claims, the Court does not consider those arguments.

I.      BACKGROUND[2]

The plaintiff is an honorably discharged veteran with a "10% [Service-Connected] Disability."  From about January 2011 through December 2014, he received treatment from the VA's CEOC.  (Compl., ECF 1, ¶ 2.)  As part of this treatment, the plaintiff was "prescribed codeine co-committantly [sic]" to manage his pain.  (*Id.* ¶ 3.)  Prior to receiving a prescription for codeine, the plaintiff disclosed to his CEOC physician, Dr. Glasser, that he also used cannabis for pain management.  (*Id.*)  The plaintiff alleges that in May 2011 Dr. Glasser and he "entered into an opioid contract with an unwritten understanding that cannabis consumption would NOT violate the contract."  (*Id.* ¶ 4 (emphasis in original); *see also id.* ¶ 34.)  For the next several years, the plaintiff continued to receive his "prescription of codeine in spite of cannabis (THC) being 'presumed positive'" in each of his "urine drug screen[s]."  (*Id.* ¶ 8.)

In December 2014, Dr. Glasser retired and was replaced as the plaintiff's prescribing VA physician by Dr. Bang.  (*Id.* ¶ 6; *see also id.* ¶ 34.)  The plaintiff alleges that on March 23, 2015, Dr. Bang "violated the preexisting opioid agreement by effectively tearing it up without giving Plaintiff any option but to quit cannabis to continue opioid therapy."  (*Id.* ¶¶ 8 & 35.)

The plaintiff claims that the defendant is liable for the alleged breach of contract because the VA is "the responsible party behind" VA-employed physicians.  (*Id.* ¶ 19.)

In addition to the alleged breach of contract, the plaintiff claims that the defendant violated "medical ethics" and is liable for "a true case of malpractice."  (*Id.* ¶ 35.)  The plaintiff further alleges that the defendant "is liable for libel and conspiracy to commit libel . . . by encouraging physicians to include false statements and factual errors in Plaintiff's medical record, in order to justify the removal of opioids being prescribed."  (*Id.* ¶ 13.)

The plaintiff initially sought relief for his breach of contract and medical malpractice claims in the U.S. District Court for the District of Oregon.  (*Id.* ¶ 36; *see also* Def.'s Mot. to Dismiss, ECF 8, Ex. A (hereinafter Ex. A).[3])  Having "found out that for 'breach of contract' issues with the US Government, one must proceed within the 'US Court of Federal Claims,'" the plaintiff then filed the present action in this court.  (Compl. ¶ 38.)  The plaintiff seeks $750,000 in damages "for the breach of contract incurred by Defendants."  (*Id.* ¶ 46.)

In a motion accompanying his complaint, the plaintiff sought leave to proceed *in forma pauperis*.  On July 2, 2021, the Court granted that motion.

---

[2] In considering the defendant's motion to dismiss, the Court assumes the facts alleged in the plaintiff's complaint to be true.  This summary of the facts does not constitute findings of fact but is simply a recitation of the plaintiff's allegations.

[3] The defendant, in Exhibit A to its motion to dismiss, provides the plaintiff's third amended complaint from his litigation in the U.S. District Court for the District of Oregon.  As noted below, the Court may consider these judicial filings in resolving disputed jurisdictional facts. *See Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).

Instead of filing an answer, the defendant moved to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The plaintiff has filed his response in opposition to the motion to dismiss. The Court finds that it need not await the defendant's reply brief before resolving the pending motion.

## II.   STANDARD OF REVIEW

To determine jurisdiction, the "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true. *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012). The court is not "'restricted to the face of the pleadings'" in resolving disputed jurisdictional facts. *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)). Courts may review evidence outside the pleadings. *Id.*

The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc.*, 659 F.3d at 1163. If the Court finds that it lacks subject-matter jurisdiction over the plaintiff's claim, RCFC 12(h)(3) requires the Court to dismiss the claim.

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In construing a *pro se* litigant's pleadings liberally, the court does not become an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

## III.   DISCUSSION

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

3

The defendant argues that (1) 28 U.S.C. § 1500 bars this court from exercising jurisdiction because, when the plaintiff filed his complaint in this court, he had claims based on the same operative facts pending in a federal district court; (2) even if the plaintiff's claims are not barred under § 1500, the plaintiff's contract claim is barred by the applicable six-year statute of limitations; and (3) under any plausible construction, the plaintiff's remaining claims fall outside the discrete and limited jurisdiction of the Court of Federal Claims.

**A. 28 U.S.C. § 1500**

Section 1500 of Title 28 limits the jurisdiction of the Court of Federal Claims based on the pendency of claims in other courts:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

This provision prohibits the Court of Federal Claims from exercising jurisdiction over a suit when another suit "for or in respect to the same claim" is pending in another court. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1381 (Fed. Cir. 2017) (citing *Keene Corp. v. United States*, 508 U.S. 200, 209 (1993)).

To determine whether jurisdiction is barred by § 1500, the Court must assess "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citing *Trusted Integration, Inc.,* 659 F.3d at 1163-64). If both prongs are answered in the affirmative, the bar on bringing a claim in this court under § 1500 applies, and the claim in the Court of Federal Claims must be dismissed. *Id.*

The plaintiff's coincident suits in the Court of Federal Claims and the U.S. District Court for the District of Oregon satisfy both prongs. The first prong is satisfied because on the date the plaintiff filed suit in this Court, July 1, 2021, he had already filed his third amended complaint before the district court on June 22, 2021. (Mot. to Dismiss at 10.) The second prong is satisfied because the assertions contained in both complaints are "'for or in respect to' the same claim." *Brandt*, 170 F.3d at 1374.

Two cases are "for or in respect to" the same claim if "they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011). The operative facts in the two complaints "need not be identical," *Kingman Reef Atoll Invs., L.L.C. v. United States*, 103 Fed. Cl. 660, 704

4

(2012), but there must be "sufficient factual overlap" between the two complaints to trigger § 1500's bar.  *Tohono*, 563 U.S. at 317.

Here, although the plaintiff cites different causes of action and seeks different amounts in relief, the operative facts contained within the plaintiff's two complaints are the same.  (*Compare* Compl., *with* Ex. A.)  Tellingly, the majority of the plaintiff's allegations in this court are copied verbatim from his third amended complaint in the district court, and many others are only slightly modified.

In both of his complaints, the plaintiff outlines the facts of his case in two sections: Background and a Statement of Facts.  In both Background sections the plaintiff describes how he entered an alleged "opioid contract" with Dr. Glasser and how Dr. Bang "violated [that] preexisting opioid agreement by effectively tearing it up without giving Plaintiff any option but to quit cannabis to continue opioid therapy."  (Compl. ¶ 8; Ex. A ¶ 8.)  Of the 17 paragraphs contained within both Background sections, nine are identical, seven are substantially the same, and only one—paragraph 15, which describes the legal action being brought before each court— is in any way substantively different from the other.  (*Compare* Compl. ¶¶ 1-17, *with* Ex. A ¶¶ 1-17.)

The Statement of Fact sections restate the plaintiff's allegations and provide more detail on the plaintiff's relationship with the VA, his perceived ill-treatment, and his alleged injuries. Although the plaintiff removed from the complaint before this court four paragraphs that were included in the district-court complaint, both sections proceed substantially the same.  (*Compare* Compl. ¶¶ 21-50, *with* Ex. A ¶¶ 22-55.)  Of the paragraphs remaining in common, 12 are identical, five are substantially the same, and only five paragraphs are in any way substantively different from the others: one containing additional assertions regarding how the defendant was "reckless in his actions" (*compare* Compl. ¶ 35, *with* Ex. A ¶ 37), one outlining the basis for jurisdiction (*compare* Compl. ¶ 38, *with* Ex. A ¶ 40), and three detailing the requested relief (*compare* Compl. ¶¶ 47-49, *with* Ex. A ¶¶ 52-54).

In his opposition to the defendant's motion to dismiss, the plaintiff points out that he "was forced to amend his complaint in US District Court in part by removing that part of the complaint" related to his breach of contract claim and to refile his complaint "to stand alone in the US Court of Federal Claims."  (Pl. Resp. at 2.)  Although he asserts that he amended his district-court complaint to remove his breach-of-contract claim, § 1500's jurisdictional bar still applies.

An analysis of the plaintiff's third amended complaint before the district court shows that the plaintiff *did not* remove the parts of his complaint related to breach of contract.  Although the plaintiff's third amended complaint cites medical malpractice as the cause of action (Ex. A ¶ 1), the complaint still alleges breach of contract in four separate paragraphs within the complaint (*id.* ¶¶ 8, 10, 16, and 37).  Further, even accounting for the minor differences in the bodies of the complaints noted above, the complaint before this court and the third amended complaint pending before the district court are still based on the same operative facts related to the defendant's alleged breach of the "opioid contract."  Accordingly, under the Supreme Court's

reading of the statute in *Tohono*, § 1500 bars the Court of Federal Claims from exercising jurisdiction over the claims because the plaintiff has a case pending in another court "for or in respect to" the same claims.

### B.  Statute of Limitations

In addition to § 1500 barring this Court from exercising jurisdiction, the plaintiff's claims are barred by the statute of limitations.  Claims under the Tucker Act, 28 U.S.C. § 1491, must be brought before the Court of Federal Claims "within six years after such claim[s] first accrue[ ]."  28 U.S.C. § 2501.  This six-year statute of limitations is a jurisdictional requirement to maintain a suit in the Court of Federal Claims.  *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003).

"A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit."  *Id.* at 1303.  Here, the plaintiff's cause of action accrued when the alleged opioid "contract was violated without cause . . . on Monday, March 23rd, 2015."  (Compl. ¶ 35.)  The plaintiff did not file suit in this Court until July 1, 2021, more than six years after the alleged breach.  Accordingly, the Court lacks jurisdiction to consider the plaintiff's breach of contract claim because it is time-barred by the statute of limitations.

### C.  Non-Contract Claims

Finally, to the extent the plaintiff asserts claims not arising from his alleged contract with the VA, these claims fall outside the limited and specific jurisdiction of the Court of Federal Claims under the Tucker Act.  The plaintiff asserts that, in addition to breaching the alleged opioid contract, the defendant is liable for malpractice (Compl. ¶ 35), negligence (Compl. ¶¶ 44-46), libel (Compl. ¶¶ 12-13), and conspiracy to commit libel (*id.*).  These claims sound in tort.  Claims for damages against the United States arising from alleged torts are specifically excluded from the jurisdiction of the Court of Federal Claims by the Tucker Act.  28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims "not sounding in tort"); *see also Keene Corp.*, 508 U.S. at 214 ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . .").  Accordingly, the Court lacks subject-matter jurisdiction over the plaintiff's tort claims.

**IV.     CONCLUSION**

For the reasons explained above and because no possible construction of the plaintiff's complaint permits the Court to exercise jurisdiction over the plaintiff's claims, the plaintiff's complaint must be **DISMISSED** without prejudice pursuant to RCFC 12(b)(1).

The Clerk of Court is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**